UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

---

**UNMASK KNOX COUNTY KIDS,**
**A TENNESSEE UNINCORPORATED**
**NONPROFIT ASSOCIATION,** *et al.*

      **Plaintiffs**

v.                                      No. 3:22-cv-0074-JRG-DCP

**KNOX COUNTY BOARD OF EDUCATION,**
*Et al.*

      **Defendants**

---

### KNOX COUNTY BOARD OF EDUCATION'S MOTION FOR JUDGMENT ON THE PLEADINGS

---

The Knox County Board of Education (KCBOE), by and through its attorneys, moves the Court for judgment on the pleadings dismissing all of Plaintiffs' claims against KCBOE pursuant to Fed. R. Civ. P. 12(c) In support hereof, KCBOE relies upon the following Memorandum of Law.

### BACKGROUND

On March 3, 2022, Plaintiffs (which consist of 5 individual minors and an "Unincorporated Nonprofit Association") filed their First Amended Complaint ("F.A.C.") for Declaratory and Injunctive Relief. [Doc. 10]. Pursuant to 42 U.S.C. § 1983, the F.A.C. asserts that KCBOE's compliance with the District Court's order [*Lee*, Doc. 48] in *S.B. v. Lee*, 3:21-cv-00317 (hereinafter "the Order") has violated the Due Process Clause of the Fourteenth Amendment of the United

1

States Constitution by depriving them of their "liberty interest in not being harmed while at school." [Doc. 10, ¶ 166]. Plaintiffs further assert that KCBOE's compliance with the Court's order is the "moving force in the deprivation of the Plaintiffs' liberty." [Doc. 10, ¶ 167]. In order to alleviate this "harm," Plaintiffs seek Fed. R. Civ. P. Rule 60(b) relief from the Order. Plaintiffs have not invoked any other federal (or state) provision of law in making their claims. Although Plaintiffs have not specifically sought damages from KCBOE, they assert that they are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988. [Doc. 10, ¶¶ 170, Prayer for Relief, C.].[1]

In support of the above claims, the F.A.C. lays out the difficulties allegedly experienced by children who are students of the Knox County school system (Knox County Schools—"KCS"), managed and controlled by KCBOE. The majority of these facts are put forth by five "Members" who are parents of these students. [Doc. 10, P. 10-19]. The F.A.C. also alleges five minor Plaintiffs (K.A., K.M., C.G., A.S., and M.A.) were harmed by the mask mandate.

On April 1, 2022, KCBOE filed its Answer to the F.A.C. raising several legal defenses including that Plaintiffs have failed to state exhaust their administrative remedies under the Individuals with Disabilities Act ("IDEA") and have failed to state a claim under 42 U.S.C. § 1983.

## STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal of claims "after the pleadings are closed, but early enough not to delay trial...." "For

---

[1] Strangely, despite clearly requesting that attorneys' fees be awarded from "Defendant" in the Complaint (KCBOE is the only party characterized as a Defendant in the F.A.C.), on March 24, 2022, three weeks after the filing of the F.A.C., Plaintiffs filed a stipulation that "no legal claims or causes of actions are being asserted against" the minor Defendants and that Plaintiffs are not seeking attorneys' fees against them. [Doc. 24]. On April 7, 2022, a month after the filing of the F.A.C., Plaintiffs also stated that they are *not* seeking attorneys' fees from KCBOE. [Doc. 36]. Plaintiffs have not clearly stated whether or not they are seeking monetary damages from KCBOE as is normally an element of a §1983 action. KCBOE must proceed upon the assumption that they are, absent conclusive evidence that they are not.

purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007). A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008).

A complaint must provide fair notice of what the claim is and the grounds upon which it rests, and it must set forth sufficient factual allegations suggesting that the plaintiff is entitled to relief under those claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Id*. The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

**ARGUMENT**

PLAINTIFF "UNMASK KNOX COUNTY KIDS" LACKS STANDING TO BRING FORTH THIS ACTION ON BEHALF OF PARENT "MEMBERS" OF THE "ASSOCIATION"

Plaintiff Unmask Knox County Kids asserts that it has standing to bring claims against KCBOE because "one or more of its members would have standing to bring the lawsuit on their own." [Doc. 10, P. 8, ¶37]. Plaintiff Unmask alleges that it has one thousand sixty-three (1,063) members as of the filing of the lawsuit. [*Id*. at ¶38]. According to the chart provided in the

3

Complaint, those "members" consist of: parents of children attending KCBOE schools who are harmed by masking; parents of children with disabilities attending KCBOE schools who are harmed by masking; parents who have removed their children from KCBOE schools; parents of children attending KCBOE schools and were denied a mask accommodation; teachers in KCBOE schools; "taxpayer[s]" who live in Knox County, Tennessee but have no connection to KCBOE; and KCBOE staff members concerned about masking." [Doc. 10, P. 9, ¶40]. Notably, there is a not a single minor or child member of the "association."[2]

Section 1983 creates a cause of action for deprivation of civil rights "to the party injured." 42 U.S.C. § 1983. Thus, it is an action ***personal*** to the injured party. *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984). It is well established that a plaintiff has no right to sue in his own behalf for the deprivation of the civil rights of his or her children.[3] *Meador v. Cabinet for Human Resources*, 860 F.2d 1079 (6th Cir. 1988); *Tyree v. Smith*, 289 F. Supp. 174, 175 (E.D. Tenn. 1968) ("A father has no standing to sue for the deprivation of civil rights of his children.")

> A plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties." *Conn v. Gabbert*, 526 U.S. 286, 292, 119 S. Ct. 1292, 143 L. Ed. 2d 399 (1999). Specifically, the Sixth Circuit has held that a parent may not bring a § 1983 claim or an Equal Protection Clause claim as an individual for any alleged violation of his or her child's constitutional rights because such action is "entirely personal to the direct victim of the alleged constitutional tort." *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984); *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000); *Robinson v. City of Memphis*, 340 F.Supp.2d 864, 872 (W.D.Tenn. 2004).

---

[2] Paragraph 7 of the F.A.C. states that "Plaintiff Unmask Knox County Kids is an… association of teachers, parents, **students**, and professionals of Knox County…." (**Emphasis** added.) However (a) the term "students," standing alone, does not necessarily denote students within the Knox County school system; and (b), far more importantly, the aforementioned chart specifying membership in the association does not list a single student. (F.A.C. at ¶40, Doc. 10 at PageID# 70.)

[3] In another baffling decision, Plaintiffs do include 5 individual minor Plaintiff students, but **none** of these students are members of Unmask.

4

To be blunt, *none* of the above "members" of the alleged "association," have the standing to being a claim under 42 U.S.C. § 1983 for depriving a child of his or her alleged "liberty interest in not being harmed while at school" because none of its members could bring an action in their own name. The F.A.C. brings separate claims on behalf of five minor students, but nowhere are these students identified as members of the "Unmask Knox County Kids" group. To the contrary, Paragraph 40 of the F.A.C. clearly identifies the members of this group as adults. Therefore, Plaintiff Unmask Knox County Kids must be dismissed from this action.

### PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR RELIEF THAT CAN BE GRANTED UNDER SECTION 1983

The only Plaintiffs who, theoretically, could have standing to pursue this lawsuit are the named minor Plaintiffs K.A., K.M., C.G., A.S., and M.A. However, the minor Plaintiffs' claims are also subject to dismissal for failing to state a claim for which relief can be granted.

The Fourteenth Amendment provides in pertinent part that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." The "*substantive* component of the due process clause protects those rights that are 'fundamental.'" *Palko v. State of Connecticut*, 302 U.S. 319, 325 (1937) (emphasis added), *overruled on other grounds by Benton v. Maryland*, 395 U.S. 784, 793-94 (1969). "As a general matter, [courts have] always been reluctant to expand the concept of substantive due process[.]" *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72 (2009) (citations omitted).

Here, Plaintiffs base their substantive due process claims regarding the Court ordered mask mandate on allegations that they (as in the minor Plaintiffs) have a "liberty interest in freedom from bodily harm" under the U.S. Constitution and its Amendments. [Doc. 10, P. 33, ¶161]. A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged

5

federal violation occurred because of a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Plaintiffs acknowledge that the mask mandate in place at KCBOE's facilities is one of a court's creation, i.e., that the mask mandate is <u>not</u> a policy or custom of KCBOE. However, they assert that KCBOE's "enforcement" of the Court order is the "moving force" in their alleged injuries. [Doc. 10, P. 34, ¶167]. Therefore, it appears that the "custom" Plaintiffs find so objectionable is the one in which KCBOE follows the law. Essentially, Plaintiffs are arguing a *respondeat superior* theory of liability, with the "superior" in question being the United States District Court. Candidly, this argument is absurd.

> The plaintiff has not identified, or even alleged, the existence of a policy, much less connected a policy to the County or shown that the policy caused his injury**. Instead, he has sued the County on the basis that it is the "entity responsible for the constitutional violations as stated."** Clearly, the … plaintiff is seeking to impose vicarious liability on the County based on a theory of respondeat superior, which is not a valid basis of liability under § 1983. *See Monell*, 436 U.S. at 694. Thus, because plaintiff has failed to allege the essential elements of § 1983 claim against this governmental entity, the County's motion to dismiss will be GRANTED

*Frazier v. Ramsey*, No. 2:04-CV-265, 2006 U.S. Dist. LEXIS 75457, at *23-24 (E.D. Tenn. Oct. 16, 2006) (**emphasis** added). Additionally, Plaintiffs have failed to identify any individual employee of KCBOE that violated their civil rights. It is axiomatic that without a finding of an underlying civil rights violation by one of its employees, KCBE may not be held liable under 42 U.S.C. § 1983. *City of Los Angeles v. Heller*, 475 U.S. 796 (1986). "There can be no *Monell* liability under § 1983 unless there is an underlying unconstitutional act." *Thurmond v. Cnty. of Wayne*, 447 F. App'x 643, 651 (6th Cir. 2011) (*quoting Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007)).

In sum, unless this Court determines that complying with a federal court order is a "custom or policy" that violates the U.S. Constitution, Plaintiffs' claims made pursuant to § 1983 must be dismissed.

### PLAINTIFFS HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES AS REQUIRED BY THE IDEA

Assuming, *arguendo*, that Plaintiffs have properly stated a claim under § 1983, their claims must still be dismissed as they have failed to exhaust their administrative remedies pursuant to the IDEA. The gravamen of the F.A.C. is an alleged denial of FAPE.[4] By way of summary, the IDEA was enacted by Congress "to ensure that all children with disabilities have available to them a free appropriate public education ("FAPE") that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. Section 1400 (d)(1)(A). In order to provide FAPE, a district must offer an educational program "that is reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S. Ct. 988, 999 (U.S. 2017).

> A dissatisfied parent may file a complaint as to any matter concerning the provision of a FAPE with the local or state educational agency (as state law provides). See §1415(b)(6). That pleading generally triggers a '[p]reliminary meeting' involving the contending parties, §1415(f)(1)(B)(i); at their option, the parties may instead (or also) pursue a full-fledged mediation process, see §1415(e). Assuming their impasse continues, the matter proceeds to a 'due process hearing' before an impartial hearing officer. §1415(f)(1)(A); see §1415(f)(3)(A)(i). Any decision of the officer granting substantive relief must be 'based on a determination of whether the child received a [FAPE].' §1415(f)(3)(E)(i). If the hearing is initially conducted at the local level, the ruling is appealable to the state agency. See §1415(g). Finally,

---

[4] KCBOE acknowledges that none of the plaintiffs have explicitly pled a violation of the IDEA or that they have been denied a "free and appropriate public education." ("FAPE"). There is also no dispute that Plaintiffs have not filed an administrative complaint on their issues pursuant to the IDEA.

7

> a parent unhappy with the outcome of the administrative process may seek judicial review by filing a civil action in state or federal court. See §1415(i)(2)(A).

*Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 749 (2017).

Moreover, Plaintiffs' contention that they are only seeking "relief" in the form of a "declaratory action," **does not change the gravamen** of the F.A.C. ("The key is how to understand the word 'relief.' At the most basic level, we say that people come to court for relief when they have been wronged. The court's goal is to rectify that wrong—to provide relief. … 'relief available' under the IDEA means relief for the events, condition, or consequences of which the person complains, **not necessarily relief of the kind the person prefers**." *Perez v. Sturgis Pub. Sch.*, No. 20-1076, 2021 U.S. App. LEXIS 19004, at *9 (6th Cir. June 25, 2021). "If the harm is the denial of the public education, then the lawsuit falls within the scope of section 1415(*l*)." *Id.* at *10.)

At least three of the five named minor plaintiffs are receiving services at KCBOE pursuant to the IDEA. The other two students are students with disabilities who are deliberately asserting that their education has been negatively impacted referencing grades, extracurriculars and other school activities.

Specifically, Plaintiff K.A. is a student with autism and sensory issues who asserts that wearing a mask caused him severe distress and he missed school from October 18, 2021 through November 29, 2021. [Doc. 10, P. 20-25]. Furthermore, he asserts that the mask mandate (and his issues with wearing it) impacted his grades, academic performance, isolated him from his peers and meant that he was not able to participate in extracurricular activities. *Id*.

Similarly, Plaintiff K.M. is a student with a disability. [Doc. 10, P. 26, ¶115; 121]. He receives special education services at KCBOE. *Id*. He asserts that wearing a mask has caused "changes and difficulty in his speech." [Doc. 10, P. 26, ¶117]. Moreover, the mask mandate has

had a "negative impact on [his] education," and his speaking and reading ability have regressed. [Doc. 10, P. 26, ¶¶117-119].

Plaintiff C.G. is a student with disabilities. [Doc. 10, P. 27, ¶126]. Plaintiff C.G. had increased difficulties at school due to wearing a mask that led to her trying to do work at home instead of in the classroom, and she had difficulty understanding her peers or the teacher. [Doc. 10, P. 27-29].

Plaintiff A.S. is a student with a disability who receives speech language support at school. [Doc. 10, P. 29-32]. She specifically alleges that the mask mandate has "hamper[ed] her speech and language development." [Doc. 10, P. 32].

Lastly, Plaintiff M.A. is a student with disabilities. M.A. receives special education services for "Math, reading and language processing." [Doc. 10, P. 32, ¶154]. M.A. alleges that the mask mandate has directly impacted M.A.'s academic progress and negatively impacted her education. [Doc. 10, P. 32-33, ¶¶157-159].

The primary allegation that each Plaintiff puts forth is that he or she has suffered an educational harm, including denial of an accommodation, negative grades, lack of access to general education peers, diminished academic progress and impacts on skills such as math, reading, speech and language as a result of the mask mandate. In short, Plaintiffs allege that the mask mandate impacted the "substantive quality of [her] education," *Arc of Iowa*, 2022 U.S. App. LEXIS at 2022; *See also L.G. v. Bd. of Educ.*, 775 F. App'x 227, 230-231 (6th Cir. 2019) ("L.G. asserts that his complaint seeks relief for the discriminatory denial of *access* to an education, that this discrimination is distinct from the denial of a FAPE.…Despite his emphasis on the word 'access,' L.G. has not shown that the discrimination he alleges relates to a denial of 'equal access to public facilities' or was otherwise what the Supreme Court referred to as 'simple

9

discrimination.'"). "L.G. has not used the words [IEP] and insists that he is not complaining about the lack of a FAPE. But neither his omission of these phrases nor his use of the word 'access' changes the fact that L.G. "is in essence contesting the adequacy of a special education program." *Id.* "L.G.'s **invocation of his failing grades as evidence** …is further revealing. Grades are, after all, academic markers used to signify a student's intellectual **progress along an education plan**." *Id*.

In *Fry*, the Supreme Court proposed two questions to determine if the gravamen of a case involves consideration of FAPE. *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 756 (2017). "First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library?" *Id*. Clearly that answer is "No" in this case. Plaintiffs cannot go into a public theater or public library and assert having to wear a mask is impacting their *grades or ability to learn*. "[S]econd, could an *adult* at the school— say, an employee or visitor—have pressed essentially the same grievance?" *Id*. The answer to this question is also "No." An adult visitor or employee at a public school could not bring a claim against a school for failing to educate them, or for implementing a rule that impeded their *learning*.

KCBOE asserts that *Fry* clearly applies to this matter, and all minor Plaintiffs must exhaust their administrative remedies through a due process hearing before advancing to other courts. KCBOE respectfully requests that Plaintiffs' claims be dismissed for failure to exhaust administrative remedies.

PLAINTIFFS HAVE NOT PROPERLY RAISED A CLAIM FOR DECLARATORY JUDGMENT

While Plaintiffs have nominally asserted that this is an action for "Declaratory and Injunctive Relief," (Doc. 10, PageID# 62) the F.A.C. wholly fails to set forth any allegations that substantiate their claims for declaratory relief and accordingly, any such claim should be

dismissed. In order to state a claim upon which relief may be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegation or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). The "[f]actual allegations must be enough to raise a right to relief above they speculative level;" they must "state a claim to relief that is plausible on its fact." *Id.* at 1965, 1974; *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Here, the Plaintiffs have pled no facts to substantiate their claim for declaratory relief. In fact, the F.A.C. does not meaningfully invoke the Declaratory Judgment Act. Moreover, it fails to identify exactly what declaration of rights it is seeking and fails to plead any factual allegations supporting its claim that it is entitled to declaratory relief. Indeed, the only mention of this claim appears in Paragraph 3 of the First Amended Complaint which states that the court "has the authority to award the requested declaratory relief under 28 U.S.C. Section 2201." This legal conclusion is insufficient to state a claim for declaratory relief. Further, Plaintiffs' vague allegations on the face of the F.A.C. regarding harm are insufficient to state a claim for declaratory relief without specific factual allegations supporting that cause of action. Accordingly, this claim should be dismissed.

For all the foregoing reasons, KCBOE respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice in its entirety.

11

Respectfully submitted,

s/David M. Sanders
David M. Sanders (BPR # 016885)
Amanda Lynn Morse (BPR # 032274)
Jessica Jernnigan-Johnson (BPR#032192)
Attorneys for KCBOE
Suite 612, City-County Building 400 Main Street
Knoxville, TN 37902
(865) 215-2327

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on the date recorded by the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

s/David M. Sanders
David M. Sanders